IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED VAN LINES, LLC and                     No. Civ. S-07-715 RRB DAD
MAYFLOWER TRANSIT, LLC,
                                              **Memorandum of Opinion
                                                    and Order**
         Plaintiffs,

     v.

GAILE EDWARDS, as an individual
and DOES 1-10,

         Defendants.

_____/

     United Van Lines, LLC and Mayflower Transit, LLC

("collectively Plaintiffs") filed a breach of contract action

against Gaile Edwards ("Edwards") seeking to recover for

services rendered in transporting Edwards' household goods from

California to Montana.  Edwards filed a cross-complaint alleging

breach of contract and failure to exercise due care.  Plaintiffs

now seek dismissal of the cross-complaint pursuant to Rule

12(b)(6) on the ground that the claims alleged therein are pre-

empted by the Carmack Amendment to the Interstate Commerce Act,

49 U.S.C. § 14706 ("Carmack Amendment").  Alternatively,

1

Plaintiffs seek dismissal on the ground that the cross-complaint is untimely.  For the following reasons, the court GRANTS the motion in part and DENIES it in part.[1]

## I. BACKGROUND

Mayflower Transit, LLC ("Mayflower") and United Van Lines, LLC ("United") are motor carriers of household goods and personal property.  First Amended Complaint ("FAC") ¶ 3; Compl. ¶ 3.  Edwards is a former resident of California who currently resides in Montana.  FAC ¶ 4.  In October 2005, Edwards entered into a contract with Mayflower to transport her household goods from California to Montana.  FAC ¶ 8.  On or about October 12, 2005, Edwards tendered her household goods to Mayflower, which were subsequently delivered to Montana in accordance with the Bill of Lading at a cost of $8,068.25.  FAC ¶¶ 10-16.  Edwards accepted delivery of her household goods but refused to pay Mayflower for its services after discovering that some of her household goods had been damaged and stolen.  FAC ¶¶ 15, 20; Answer/Cross-Compl. at 4.

---

[1] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter.  See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

On or about August 26, 2006, after repeated attempts to secure payment for its services, Mayflower sent a letter to Edwards requesting payment. Id. ¶ 21. Edwards refused to pay or respond to the letter. Id. ¶ 22. On April 13, 2007, United filed a breach of contract action against Edwards seeking to recover for its services in transporting Edwards' household goods from California to Montana. Compl. at 1-7. On May 1, 2007, the complaint was amended to add Mayflower as a named party. FAC 1-6. On July 19, 2007, Edwards responded to the FAC by filing an answer and a cross-complaint. Answer/Cross-Compl. at 1-6. The cross-complaint alleges that United breached the parties' contract and their duty of care by failing to safely deliver Edwards' household goods from California to Montana. Id. at 4. The cross-complaint seeks $10,000 in damages. Id.

## II. DISCUSSION

**A.   Rule 12(b)(6)**

In ruling on a Rule 12(b)(6) motion the complaint is read in the light most favorable to the non-moving party. <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541, 545 (9th Cir. 2007) "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion," <u>id.</u>, but conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. <u>Adams v. Johnson</u>, 355 F.3d 1179, 1183 (9th Cir. 2004). "A

dismissal for failure to state a claim pursuant to 12(b)(6) should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Odom</u>, 486 F.3d at 545; <u>Adams</u>, 355 F.3d at 1183.

**B. Carmack Amendment**

Plaintiffs argue that dismissal of the cross-complaint is appropriate because the claims alleged therein are pre-empted by the Carmack Amendment.

The Carmack Amendment, 49 U.S.C. § 14706, provides "'a uniform national liability policy for interstate carriers' " and "is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property."  <u>Hall v. North American Van Lines, Inc.</u>, 476 F.3d 683, 687-88 (9th Cir. 2007).  Accordingly, because Edwards' cross-complaint alleges a claim for breach of an interstate-shipping contract based on loss and damage to household goods, and does not allege that this claim is brought pursuant to the Carmack Amendment, it is dismissed with leave to amend.  A claim under the Carmack Amendment is the exclusive remedy for breach of an interstate-shipping contract.

Additionally, to the extent that the cross-complaint seeks to allege a negligence claim, this claim is pre-empted by the Carmack Amendment and therefore is dismissed with prejudice.

4

See Hall, 476 F.3d at 688 (the Carmack Amendment is a complete defense to common law claims and requires dismissal of a common law negligence claim against a carrier); Hughes Aircraft Co. v. North American Van Lines, Inc., 970 F.2d 609, 613 (9th Cir. 1992).

For these reasons, the motion to dismiss is GRANTED. Edwards has thirty-days to amend her cross-complaint to allege a claim under the Carmack Amendment.

## C.   Timeliness of Cross-Complaint

Plaintiffs argue that dismissal of the cross-complaint is appropriate because it is untimely.  The court disagrees.

Rule 13(a) provides, in relevant part, that: "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."  "The test for determining whether a counterclaim is compulsory is whether a logical relationship exists between the claim and the counterclaim and whether the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one

lawsuit." <u>Adam v. Jacobs</u>, 950 F.2d 89, 92 (2d Cir. 1991) (quotation marks omitted).

In the instant case, Edwards responded to the FAC by filing an answer and a cross-complaint alleging a breach of contract claim. Therefore, because this claim arises out of the same transaction as Plaintiffs' claim, it is a proper and timely counter-claim. <u>See</u> <u>Valley Disposal Inc. v. Central Vermont Solid Waste Management Dist.</u>, 113 F.3d 357, 364-65 (2d Cir. 1997) (observing that compulsory counterclaims are claims arising out of the same occurrence or transaction as the claim asserted by the plaintiff and are generally asserted in the answer if such claims are acquired by the time of the original answer).

For this reason, the motion to dismiss is DENIED.

### III. CONCLUSION

For the reasons stated above, the court GRANTS the motion to dismiss in part and DENIES it in part. Edwards has thirty-days to amend her cross-complaint to allege a claim under the Carmack Amendment.

**IT IS SO ORDERED.**

ENTERED this 3rd day of October, 2007.

s/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

6