1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED VAN LINES, LLC and          CIV. S-07-715 RRB DAD
    MAYFLOWER TRANSIT, LLC,
12
                 Plaintiffs,
13
         v.                            STATUS (Pre-trial
14  _____   Scheduling) ORDER
    GAILE EDWARDS, an Individual and
15  DOES 1-10,

16               Defendants.
    _____/
17
    GAILE EDWARDS,
18
                 Counter-Claimant,
19
         v.
20
    UNITED VAN LINES, LLC and
21  MAYFLOWER TRANSIT, LLC,

22               Counter-Defendants.
    _____/
23

24       After review of the Joint Status Report, the court makes the

25  following order:

26  //

                                   1

SERVICE OF PROCESS

All parties defendant to this lawsuit have been served and no further service will be permitted except with leave of court, good cause having been shown.

JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

JURISDICTION AND VENUE

Jurisdiction and venue are not contested.

MOTION HEARINGS SCHEDULES

All dispositive motions shall be filed by June 11, 2008. Hearing on such motions shall be on July 9, 2008 at 10:00 a.m.

The time deadline for dispositive motions does not apply to motions for continuances, temporary restraining orders or other emergency applications.

THE OPPOSITION AND REPLY MUST BE FILED BY 4:00 P.M. ON THE DAY DUE.

All purely legal issues are to be resolved by timely pre-trial motions.  The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence and are cautioned that the court will look with disfavor upon substantive motions presented at the final pre-trial con-ference or at trial in the guise of motions in limine.  The parties are further cautioned that if any legal issue which should have been tendered to the court by proper pre-trial motion

1  requires resolution by the court after the established law and

2  motion cut-off date, substantial sanctions may be assessed for

3  the failure to file the appropriate pre-trial motion.

4      The Court places no page limitations upon the length of the

5  parties' briefs; however, it is a rare motion that cannot be

6  persuasively and thoroughly argued in 20 pages or less.

7                              DISCOVERY

8      All discovery shall be completed by May 2, 2008.  In this

9  context, "completed" means that all discovery shall have been

10  conducted so that all depositions have been taken and any

11  disputes relative to discovery shall have been resolved by

12  appropriate order if necessary and, where discovery has been

13  ordered, the order has been complied with.

14                  DISCLOSURE OF EXPERT WITNESSES

15      The parties shall make expert witness disclosures under

16  Fed. R. Civ. P. 26(a)(2) by March 21, 2008.  Supplemental

17  disclosure and disclosure of any rebuttal experts under

18  Fed. R. Civ. P. 26(a)(2)(C) shall be made by April 4, 2008.

19      Failure of a party to comply with the disclosure schedule as

20  set forth above in all likelihood will preclude that party from

21  calling the expert witness at the time of trial absent a showing

22  that the necessity for the witness could not have been reasonably

23  anticipated at the time the disclosures were ordered and that the

24  failure to make timely disclosure did not prejudice any other

25  party.  See Fed. R. Civ. P. 37(c).

26      All experts designated are to be fully prepared at the time

1  of designation to render an informed opinion, and give their

2  reasons therefore, so that they will be able to give full and

3  complete testimony at any deposition taken by the opposing

4  parties.  Experts will not be permitted to testify at the trial

5  as to any information gathered or evaluated, or opinion formed,

6  after deposition taken subsequent to designation.

7  <u>FINAL PRE-TRIAL CONFERENCE</u>

8      The final pre-trial conference is set for August 15, 2008,

9  at 3:00 p.m.  In each instance an attorney who will try the case

10  for a given party shall attend the final pretrial conference on

11  behalf of that party; provided, however, that if by reason of

12  illness or other unavoidable circumstance the trial attorney is

13  unable to attend, the attorney who attends in place of the trial

14  attorney shall have equal familiarity with the case and equal

15  authorization to make commitments on behalf of the client.  All

16  <u>pro se</u> parties must attend the pre-trial conference.

17      Counsel for all parties and all <u>pro se</u> parties are to be

18  fully prepared for trial at the time of the pre-trial conference,

19  with no matters remaining to be accomplished except production of

20  witnesses for oral testimony.  The parties shall file with the

21  court, no later than seven days prior to the final pre-trial

22  conference, a <u>joint</u> pre-trial statement.  <u>Also at the time of</u>

23  <u>filing the Joint Pretrial Statement, counsel are requested to</u>

24  <u>e-mail the Joint Pretrial Statement to Judge Beistline's</u>

25  <u>courtroom deputy, Harry Vine at: hvine@caed.uscourts.gov.</u>

26      Where the parties are unable to agree as to what legal or

4

factual issues are properly before the court for trial, they should nevertheless list all issues asserted by any of the parties and indicate by appropriate footnotes the disputes concerning such issues.  The provisions of Local Rule 16-281 shall, however, apply with respect to the matters to be included in the joint pre-trial statement.  Failure to comply with Local Rule 16-281, as modified herein, may be grounds for sanctions.

The parties are reminded that pursuant to Local Rule 16-281(b)(10) and (11) they are required to list in the final pre-trial statement all witnesses and exhibits they propose to offer at trial, no matter for what purpose.  These lists shall not be contained in the body of the final pre-trial statement itself, but shall be attached as separate documents so that the court may attach them as an addendum to the final pre-trial order.  The final pre-trial order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the final pre-trial order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

The parties are also reminded that pursuant to Rule 16, Fed. R. Civ. P., it will be their duty at the final pre-trial conference to aid the court in: (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should properly be

1  admitted; and (c) the avoidance of unnecessary proof and
2  cumulative evidence.  Counsel must cooperatively prepare the
3  joint pre-trial statement and participate in good faith at the
4  final pre-trial conference with these aims in mind.  A failure to
5  do so may result in the imposition of sanctions which may include
6  monetary sanctions, orders precluding proof, elimination of
7  claims or defenses, or such other sanctions as the court deems
8  appropriate.

9  <u>REFERENCE TO MASTER/SPECIAL PROCEDURES</u>

10

11  <u>TRIAL SETTING</u>

12  Trial in this matter is set for September 29, 2008, at
13  9:00 a.m.  The parties estimate a trial length of approximately
14  three to five days.

15  <u>SETTLEMENT CONFERENCE</u>

16  No Settlement Conference is currently scheduled.  If the
17  parties wish to have a settlement conference, one will be
18  scheduled at the final pretrial conference or at an earlier time
19  upon request of the parties.

20  //
21  //
22  //
23  //
24  //
25  //
26  //

6

1          OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

2        This Status Order will become final without further Order of

3   Court unless objection is lodged within seven (7) days of the

4   date of the filing of this Order.

5        IT IS SO ORDERED.

6   Dated:   January 16, 2008

7

8                                   /s/ Ralph R. Beistline
                                    RALPH R. BEISTLINE
9                                   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26