IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED VAN LINES, LLC and MAYFLOWER TRANSIT, LLC, <br><br>    Plaintiffs, <br>    v. <br><br> GAILE EDWARDS, as an individual and DOES 1-10, <br><br>    Defendants. <br> _____/ | No. Civ. S-07-715 RRB DAD <br><br> **Memorandum of Opinion <br> and Order** |

The matter before the court is United Van Lines, LLC and Mayflower Transit, LLC's (collectively "Plaintiffs") motion to dismiss pursuant to Rule 41(b) for failure to comply with a court order. Defendant Gaile Edwards ("Edwards") opposes the motion. For the reasons stated below, the court **DENIES** the motion.[1]

---

[1] Inasmuch as the court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties

1

# I. BACKGROUND

On August 10, 2007, Plaintiffs filed a motion to dismiss pursuant to Rule 12(b)(6) on the basis that the cross-complaint was untimely and/or because the claims alleged therein were pre-empted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 ("Carmack Amendment"). Docket at 11. On October 4, 2007, Plaintiffs' motion was granted in part and denied in part, and Edwards was given thirty-days to amend her cross-complaint to allege a claim under the Carmack Amendment. Docket at 16. Edwards failed to do so. On January 14, 2008, Plaintiffs filed a motion to dismiss pursuant to Rule 41(b). Docket at 20. On January 23, 2008, Edwards sought leave to amend her cross-complaint. Docket at 22.

# II. DISCUSSION

**A.   Rule 41(b)**

Rule 41(b) provides in relevant part: "If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." "[W]hen a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to

---

provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

comply with a court order rather than for failing to prosecute the claim." Yourish v. California Amplifier, 191 F.3d 983, 986 (9th Cir. 1999). In the Ninth Circuit, involuntary dismissal under Rule 41(b) may be proper where a plaintiff, given the opportunity to amend or be dismissed, does nothing. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064 (9th Cir. 2004). "[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Yourish, 191 F.3d at 990. Dismissal is appropriate where at least four factors support dismissal or at least three factors "strongly" support dismissal. Id. Dismissal under Rule 41(b) is a sanction, to be imposed only in "extreme circumstances." Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996).

**1. The Public's Interest in Expeditious Resolution of Litigation**

This factor supports dismissal, but not strongly. "[T]he public's interest in expeditious resolution of litigation always favors dismissal," but the court determines precisely when a particular delay "interferes with docket management and the

public interest."  <u>Yourish</u>, 191 F.3d at 990 (citation and internal quotation marks omitted).  In the Ninth Circuit, "[t]he pertinent question . . . is not simply whether there has been any, but rather whether there has been sufficient delay or prejudice to justify a dismissal of the plaintiff's case."  <u>Nealey v. Transportacion Maritima Mexicana, S. A.</u>, 662 F.2d 1275, 1280 (9th Cir. 1980).  Here, while the more than two-month delay has interfered with docket management, it has not done so such that there has been significant delay or prejudice to justify dismissal.

**2. The Court's Need to Manage Its Docket**

This factor also supports dismissal, but, again, not strongly.  The court "is in the best position to determine what period of delay can be endured before its docket becomes unmanageable."  <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 400 (9th Cir. 1998).  Here, while Edwards' delay has impeded the efficient management of the court's docket by requiring unnecessary time and resources to be devoted to matters unrelated to the merits of this case, it has not rendered the court's docket unmanageable.

**3. The Risk of Prejudice to Defendants from Delay**

A presumption of prejudice arises from a failure to prosecute, and this factor weighs in favor of dismissal, as well.  <u>Hernandez</u>, 138 F.3d at 400-01.  "When considering

4

prejudice to the defendant, the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. . . . The law presumes injury from unreasonable delay.  However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  "[W]here a plaintiff has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the defendant to show at least some actual prejudice.  If he does so, the plaintiff must then persuade the court that such claims of prejudice are either illusory or relatively insignificant when compared to the force of his excuse.  At that point, the court must exercise its discretion by weighing the relevant factors-time, excuse, and prejudice." Id. at 1453.  Although the court finds Edwards' excuse inadequate, thereby deeming it unnecessary for Plaintiffs to show actual prejudice, the court nonetheless finds that this factor does not weigh strongly in favor of dismissal given the duration of the delay and the prejudice alleged by Plaintiffs, i.e., the delay has prevented the prompt resolution of this matter.  See Yourish, 191 F.3d at 991 ("[T]he pendency of the lawsuit is not sufficiently prejudicial itself

to warrant dismissal . . ., provided the prejudice is not compounded by 'unreasonable' delays."). Here, Plaintiffs have not argued that the passage of time is leading to any losses, nor have Plaintiffs argued that the delay has impaired their ability to proceed to trial or threatened to interfere with the rightful decision of the case. See In re Eisen, 31 F.3d at 1453 (prejudice usually takes two forms-loss of evidence and loss of memory by a witness, and whether the prejudice is significant will depend on whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case). Accordingly, this factor weighs in favor of dismissal, but not strongly.

**4. The Policy Favoring Disposition of Cases on their Merits**

The public policy favoring disposition of cases on their merits always weighs against dismissal. Hernandez, 138 F.3d at 399; Yourish, 191 F.3d at 992. Here, Plaintiffs have not advanced any arguments as to why public policy would not favor resolution of this action on the merits.

**5. The Availability of Less Drastic Alternatives**

This factor also weighs against dismissal, particularly since the court has not considered or tried less drastic alternatives to dismissal. See Hernandez, 138 F.3d at 401. In the Ninth Circuit, "[e]specially when a case is still young [referring to a case that was not quite a year old], 'a district

court must consider . . . less drastic alternative sanctions' before dismissing." Raiford v. Pounds, 640 F.2d 944, 945 (9th Cir. 1981). "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." Malone v. U.S. Postal Service, 833 F.2d 128, 131 (9th Cir. 1987) (internal quotation marks omitted). Here, because the court has not attempted or tried less drastic alternative sanctions to dismissal, such as warning Edwards of the possibility of dismissal for violating the court's order or allowing Edwards additional time to amend her cross-complaint, this factor weighs against dismissal. See Yourish, 191 F.3d at 992 (allowing a party to replead is a less drastic alternative to dismissal if that party has disobeyed a court order by failing to file an amended complaint within the time period allowed by the court); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) (less drastic alternatives to dismissal under Rule 41(b) include allowing further amended complaints or allowing additional time).

In sum, because only three factors slightly support dismissal, dismissal of the cross-complaint pursuant to Rule 41(b) is inappropriate.

//

//

### III. CONCLUSION

For the reasons stated above, the court **DENIES** the motion. Edwards has ten-days from service of this order to file her proposed amended cross-complaint.[2] The court cautions Edwards that any further delays in this regard could result in dismissal.

**IT IS SO ORDERED.**

ENTERED this 10th day of March, 2008.

                                s/RALPH R. BEISTLINE
                                United States District Judge

---

[2] Under Rule 15, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "'[T]his policy is "to be applied with extreme liberality.'" <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001).