IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED VAN LINES, LLC and
MAYFLOWER TRANSIT, LLC,

    Plaintiffs,

  v.

GAILE EDWARDS, as an individual
and DOES 1-10,

    Defendants.
_____/

No. 2:07-CV-0715 JAM DAD

<u>ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT</u>

    Plaintiffs United Van Lines, LLC ("United") and Mayflower Transit, LLC ("Mayflower") (collectively "Plaintiffs") brought this action against defendant Gaile Edwards ("Edwards") seeking to recover the amount due under an interstate-shipping contract. Edwards filed a cross-complaint. Plaintiffs now move for summary judgment pursuant to Rule 56(c) of the Federal Rules of

Civil Procedure.  Edwards does not oppose the motion.  For the reasons set forth below, Plaintiffs' motion is GRANTED.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mayflower and United are motor carriers of household goods and personal property.  Edwards is a former resident of California who currently resides in Montana.  On or about October 6, 2005, Edwards entered into an interstate-shipping contract with Mayflower to transport her household goods from California to Montana.  On or about October 12, 2005, Edwards tendered her household goods to Mayflower, which were subsequently delivered to Montana in accordance with the Bill of Lading at a cost of $8,068.25.  Edwards accepted delivery of her household goods, but refused to pay Mayflower after allegedly discovering that some of her goods had been damaged and stolen.

On or about August 26, 2006, after repeated attempts to secure payment for its services, Mayflower sent a letter to Edwards requesting payment.  Edwards refused to pay or respond to the letter.  On April 13, 2007, United filed a breach of contract action against Edwards seeking to recover the amount due under the interstate-shipping contract, $8,068.25, plus interest, pursuant to the terms of the Bill of Lading and the

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

Interstate Commerce Act of 1995, 49 U.S.C. §§ 13706, 13707. On May 1, 2007, the complaint was amended to add Mayflower as a named party. On July 19, 2007, Edwards filed an answer and cross-complaint, alleging that United breached the interstate-shipping contract by causing loss or damage to her household goods during the shipping process. On October 4, 2007, this Court dismissed the cross-complaint on the basis that the claim alleged therein was pre-empted by the Carmack Amendment to the Interstate Commerce Act, 42 U.S.C. §§ 14706 *et seq.* ("Carmack Amendment").[2] On April 17, 2008, Edwards amended her cross-complaint to include a violation of the Carmack Amendment for loss and damage to her household goods. On May 2, 2008, Mayflower propounded a set of Requests for Admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure. To date, Edwards has not responded to these requests. On June 27, 2008, Plaintiffs filed a motion for summary judgment. Edwards did not oppose the motion.

---

[2] "It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property." Hall v. North American Van Lines, Inc., 476 F.3d 683, 688 (9th Cir. 2007). A party must allege three elements to establish a prima facie case of violation of the Carmack Amendment: (1) delivery of the goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, or failure to delivery altogether, and (3) the amount of damages. See Beta Spawn, Inc. v. FFE Transportation Services, Inc., 250 F.3d 218, 223 (3rd Cir. 2001).

II. ORDER

A.   Legal Standard

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party sustains its burden, the burden then shifts to the nonmoving party to go beyond the pleadings and by his or her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  Id. at 324.  Summary judgment is proper if, viewing the evidence and the inferences therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.  Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989).

B.   Analysis

Plaintiffs' motion for summary judgment is unopposed.  A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an

4

opposition.  Cristobal v. Siegel, 26 F.3d 1488, 1494-95, n. 4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact).  A court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact.  United States v. Real Property at Incline Village, 47 F.3d 1511, 1520 (9th Cir. 1995), rev'd on other grounds sub nom. Degen v. United States, 517 U.S. 820 (1996); Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993) (same).

In the present case, Plaintiffs maintain that Edwards breached the interstate-shipping contract by failing to pay the amount due thereunder following Mayflower's transportation of her household goods from California to Montana.  The Court agrees.  The papers filed in support of the motion for summary judgment show that the parties entered into an interstate-shipping contract, Mayflower fulfilled its obligations under the contract pursuant to the terms of the Bill of Lading,[3] and Edwards failed to pay Mayflower the amount due under the

---

[3] The bill of lading is the basic transportation contract between the shipper-consignor and the carrier.  Southern Pac. Transp. Co. v. Commercial Metals Co., 456 U.S. 336, 342 (1982). Unless the bill of lading provides to the contrary, the consignor is liable for the freight charges.  Id. at 343.

contract.  The papers do not reveal a genuine issue of material fact.  That is, on this undisputed record it is clear that Edwards breached the interstate-shipping contract.  Moreover, the record reveals that Edwards failed to respond to Plaintiffs' Requests for Admissions within the time required by Rule 36, and thereby admitted that the transportation of her household goods from California to Montana was conducted by Plaintiffs in compliance with the Bill of Lading and she is obligated to pay Plaintiffs $8,068.25.  F.T.C. v. Medicor LLC., 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002) ("Failure to timely respond to requests for admissions results in automatic admission of the matters requested.").  Accordingly, the Court grants summary judgment in favor of Plaintiffs on their breach of contract claim.  Plaintiffs are entitled to recover $8,068.25, plus prejudgment interest in the amount of 10 percent per annum.[4]  The Court also grants summary judgment in favor of Plaintiffs on Edwards' cross-complaint.  Edwards did not raise a genuine issue of material fact as to whether she sustained loss or damage to her household goods arising out of Plaintiffs' transportation of her goods from California to Montana.  There is no evidence in

---

[4] See Cal. Civ.Code § 3289 (providing that contracts entered into after January 1, 1986, which do not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach).

6

the record indicating that any of Edwards' household goods were lost or stolen.

### III. ORDER

For the reasons set forth above, Plaintiffs' motion for summary judgment is GRANTED. The Clerk of the Court is directed to enter judgment in accordance with this Order.

IT IS SO ORDERED.

Dated:  August 13, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE